In the Matter of E. ARTHUR TUTEIN, INC., Appellant, against HUDSON VALLEY COKE AND PRODUCTS CORPORATION, Respondent.

(Argued June 21, 1928; decided July 19, 1928.)

*Milton P. Kupfer* and *Leo Oppenheimer* for appellant. It is only when the method of appointment specified in an arbitration contract has completely failed, that the power of appointment devolves upon the court. To hold otherwise would not only contravene the parties' own agreement, but would be at war with the very purpose of the enactment of the Arbitration Law and the policy of the statute, as laid down by the decisions of this court. (*Matter of Berkowitz* v. *Arbib & Houlberg,* 230 N. Y. 261; *Matter of Wenger & Co.* v. *Propper S. H. Mills,* 239 N. Y. 199; *Matter of Kelley,* 240 N. Y. 74; *Matter of A. E. Fire Ins. Co.* v. *N. J. Ins. Co.,* 240 N. Y. 398; *Matter of Red Cross Lines* v. *Atlantic Fruit Co.,* 264 U. S. 109; *Trippet* v. *Eyre,* 3 Lev. 263; 83 Eng. Reprint, 681; *Cloud* v. *Sledge,* 17 S. C. L. [1 Bailey] 105; *Lesser* v. *Pallay,* 96 Ore. 142; *Armstrong* v. *Sacramento Valley,* 52 Cal. App. 110; *Matter of Tolins* (*Klein*), N. Y. L. J. Oct. 21, 1926; Morse on Arbitration & Award, 245.)

*Vermont Hatch* and *James Lawrence Fly* for respondent. Under section 4 of the Arbitration Law, the duty of appointing a third arbitrator devolves not upon the person or persons who originally had the authority to appoint, but upon the Supreme Court of the State of New York. (*Hines* v. *Ziegfeld,* 222 App. Div. 543; *Matter of Bullard* v. *Grace Co.,* 240 N. Y. 388; *Binsse & LaFarge* v. *Wood,* 47 Barb. 624; *American Eagle Ins. Co.* v. *New Jersey Ins. Co.,* 240 N. Y. 398; *Tryspet* v. *Eyre,* 3 Lev. 263; *Oliver* v.

*Collings,* 11 East, 367; *Kedy* v. *Davison,* 34 N. S. L. R. 233; *Wilson* v. *Cross,* 7 Watts, 495.)

*Per Curiam.* Under the contract between the parties, upon the refusal of Mr. Schulte to act as third arbitrator, before any evidence was produced, Mr. Schwab was empowered to name another to serve in his place. The orders should be reversed, with costs in all courts; the first question certified answered in the affirmative and the second and third questions in the negative.

CARDOZO, Ch. J., ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; POUND, J., dissents; CRANE, J., not sitting.

Ordered accordingly.